IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DOUGLAS ALLEN CLARK,**

　　**Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　Case No. 2:18-cv-01381

**SABRINA DESKINS, Family Court Judge,**

　　**Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFF'S CLAIMS

The plaintiff's Complaint, which is brought under 42 U.S.C. § 1983, asserts federal constitutional violations by the presiding Family Court Judge during the plaintiff's divorce and child support proceedings.[1] Specifically, the plaintiff claims that Mingo County Family Court Judge Sabrina Deskins, whom he claims has a bias or prejudice in favor of his ex-spouse, violated his due process rights under the Fourteenth Amendment by holding a hearing in his absence on July 11, 2018, and entering a

---

1 The Complaint also cites to Title VII of the Civil Rights Act of 1964, but that statute appears to have no applicability herein, as it governs employment discrimination.

1

judgment in his ex-spouse's favor concerning certain marital property and child custody and support.  (*See* "Final Divorce Order," *Clark v. Clark*, No. 18D-123 (Family Ct. Mingo Cty., July 18, 2018), ECF No. 2, Ex. B).  The plaintiff seeks monetary damages and injunctive relief in the form of visitation with his son, and for the Bureau for Child Support Enforcement ("BCSE") to "quit threatening to suspend [his] driving license" and quit harassing him because he has "no way of paying" child support.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiffs seek to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case.  The Court wrote:

> Two working principles underlie our decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for

>
> the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
>   In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

Likewise, if the court determines at any time that it lacks subject matter jurisdiction over a claim or action, it must dismiss the same. *See* Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

**A.  Rooker-Feldman Doctrine.**

This court is without jurisdiction to hear the plaintiff's claims under the *Rooker-Feldman* doctrine. The Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of [a] state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002)(quoting *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more

3

than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff is challenging state court orders concerning property distribution and child custody and visitation issues, and that this court's review of those decisions amounts to an appeal therefrom, and is barred by the *Rooker-Feldman* doctrine. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the plaintiffs' Complaints for lack of jurisdiction under the *Rooker-Feldman* doctrine. The plaintiff's proper avenue for review of Judge Deskins' decisions would have been an appeal to the Circuit Court of Mingo County or the Supreme Court of Appeals of West Virginia.[2]

### B.  *Younger* Abstention and the Domestic Relations Exception.

Additionally, the District Court should abstain from exercising jurisdiction over the plaintiff's claims under the "*Younger*-abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

---

2  The undersigned has not confirmed whether any such appeals were filed in addition to this civil action.

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

Matters concerning child custody and family law are generally on-going proceedings and the welfare of children is certainly an important state interest. It would appear to this court that the matters in controversy herein may still be on-going in the state courts, and that the plaintiff would have adequate opportunity to present his constitutional claims in the state court proceedings.

Additionally, the "domestic relations exception" to federal jurisdiction, as defined in *Barber v. Barber*, 62 U.S. 582 (1858), and *Ankenbrandt v, Richards*, 504 U.S. 689 (1992) applies to their claims. (Id. at 3-4). In *Ankenbrandt*, the Supreme Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> * * *
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

504 U.S. at 703-704.

The relief sought in the Complaint concerning the custody or visitation rights of the plaintiff is exactly the type of claim intended to be barred under the domestic relations exception. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the claims in the Complaint fall within the domestic relations exception to federal jurisdiction and should be dealt with in the state court proceedings. Accordingly, the presiding District Judge should abstain from exercising jurisdiction over the plaintiff's claims and dismiss the Complaint for lack of jurisdiction.

### C. Eleventh Amendment Immunity.

Additionally, Judge Deskins is an employee of the State of West Virginia. The plaintiff has not specified whether he is suing Judge Deskins in her individual or official capacity. However, to the extent that Judge Deskins is named in her official capacity, the plaintiff's claims against her are barred by the Eleventh Amendment to the United States Constitution, which provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI.[3] It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99, 101 (1984).

A state can only waive its sovereign immunity by unequivocal expressions or actions. *Id.* at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1921). Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its

---

[3] Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state, or its officials, by its own citizens as well. *See Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974). Such is the case here.

6

intent to do so, and only where it has validly exercised its power. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The plaintiff has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity, and the plaintiff has failed to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Judge Deskins, in her official capacity, is immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

### D.     Absolute Immunity.

Finally, Judge Deskins is immune from suit in any capacity because her conduct occurred in the exercise of her judicial functions notwithstanding the plaintiff's allegations of bias and prejudice. Judicial immunity is a firmly rooted principle of law that shields judicial officers from civil suit for actions taken in exercise of their judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). The primary policy that supports judicial immunity is also well-established. As early as 1872, the Supreme Court recognized that it is:

> [A] general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872).

The scope of judicial immunity is interpreted broadly. In *Bradley*, the Supreme Court held: "judges of courts of superior or general jurisdiction are not liable to civil

actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley*, 13 Wall. at 351.

The only exceptions to absolute judicial immunity are for non-judicial acts, or where the act is done in complete absence of jurisdiction. *Stump*, 435 U.S. at 360; *Bradley*, 13 Wall. at 351. (Id.) Even if the judge acted in error, he or she is still immune. *See Stump*, 435 U.S. at 356. "By the same token, the [Supreme] Court has stated that a judicial act 'does not become less judicial by virtue of an allegation of malice or corruption.'" *Forester v. White*, 484 U.S. 219, 227 (1988).

The challenged actions by Judge Deskins were judicial functions. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Judge Deskins is entitled to absolute immunity from suit and, therefore, the plaintiff's claims against her must be dismissed.

## **RECOMMENDATION**

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2) and **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

April 9, 2019

Dwane L. Tinsley
United States Magistrate Judge