# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

DOUGLAS ALLEN CLARK,

    Plaintiff,

v.            CIVIL ACTION NO. 2:18-cv-01381

SABRINA DESKINS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

  Before this Court are an Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), and a Complaint, (ECF No. 2), filed by Plaintiff Douglas Allen Clark ("Plaintiff"). By standing order entered on January 4, 2016, and filed in this case on October 25, 2018, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 3.) Magistrate Judge Tinsley entered his PF&R on April 9, 2019, recommending that this Court dismiss the complaint and deny Plaintiff's application to proceed without prepayment of fees and costs. (ECF No. 5.)

  For the reasons explained more fully herein, this Court **OVERRULES** Plaintiff's objections, (ECF Nos. 6, 7), and **ADOPTS** the PF&R, (ECF No. 5). Plaintiff's complaint, (ECF No. 2), is **DISMISSED**. His application to proceed without prepayment of fees and costs, (ECF No. 1), is **DENIED**.

1

## I. BACKGROUND

Plaintiff brings this action against Defendant Sabrina Deskins ("Defendant") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 2.) He alleges that Defendant, the family court judge who presided over his divorce proceeding in Mingo County, West Virginia, violated his constitutional rights by not informing him of a hearing, by awarding certain property to his ex-wife, and by not recusing herself from Plaintiff's divorce proceeding because she knew his former brother-in-law. (*Id.*)

Magistrate Judge Tinsley filed his PF&R on April 9, 2019. (ECF No. 5.) Plaintiff filed timely objections on April 25, 2019. (ECF No. 6.) On April 30, 2019, Plaintiff filed amended objections. (ECF No. 7.)[1] As such, this matter is fully briefed and ripe for adjudication.

## II. LEGAL STANDARDS

A. Review of PF&R

Upon receipt of a PF&R, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court "make[s] a de novo determination of those portions of the [PF&R] to which objection is made." *Id.*; *see Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 72 (4th Cir. 2016). However, this Court is not required to review, "under a *de novo* or any other standard," the factual or legal conclusions of the magistrate judge "when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo*

---

[1] The amended objections were properly filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). Ordinarily, the amended objections would "supersede[] the original and render[] it of no legal effect," *Young v. City of Mount Rainier*, 238 F.3d 567, 572 (4th Cir. 2001), but this Court considers both sets of objections in fairness to Plaintiff. This Court notes that the objections and amended objections are largely identical. (*Compare* ECF No. 7, *with* ECF No. 6.)

review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the [PF&R]." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

B. *Proceedings In Forma Pauperis*

When an indigent litigant files an application to proceed without prepayment of fees and costs, this Court has "a duty to screen initial filings." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)). This Court must review the complaint and "shall dismiss the case at any time" if it determines that the action "is frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In other words, this Court "independently assess[es] the merits of in forma pauperis complaints" and dismisses "suits that have no arguable basis in law or fact." *Eriline Co.*, 440 F.3d at 656 (quoting *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995)).

## III. ANALYSIS

A. *Plaintiff's Objections to the PF&R's Characterization of His Claims*

Plaintiff first argues that the PF&R improperly characterizes his claims against Defendant. (*See* ECF No. 7 at 2, 3; ECF No. 6 at 2–4.) He explains that Defendant violated his constitutional rights by holding a hearing in his divorce proceedings without him present and depriving him of certain personal property at that hearing. (ECF No. 7 at 2; ECF No. 6 at 2–3.) The PF&R recommends that Plaintiff's claims be dismissed because, among other reasons, they amount to an improper attempt to have this Court review the outcome of Plaintiff's divorce proceedings. (ECF No. 5 at 3–6.)

This Court agrees with the PF&R's conclusion that Plaintiff's claims are barred by the *Rooker–Feldman* doctrine. The *Rooker–Feldman* doctrine is a jurisdictional bar to suit when "a

3

party losing in state court . . . seek[s] what in substance would be appellate review of the state judgment in a United States district court." *Am. Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (internal quotation marks omitted). The doctrine "applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). "[I]f in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered or must take action that would render the judgment ineffectual, *Rooker–Feldman* is implicated." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (internal quotation marks omitted).

It is clear from Plaintiff's complaint that he challenges the outcome of his divorce proceeding. He avers that Defendant issued a judgment that unfairly deprived him of his vehicle and his home. (ECF No. 2 at 2, 3.) He seeks injunctive relief allowing him visitation with his son. (*Id.* at 4.) He attributes his damages to Defendant's "erroneous decision" that "has forever changed our lives in a traumatic way." (*Id.*) His alleged injury derives from the final order in his divorce proceeding. (*See id.*) Plaintiff "may not escape the jurisdictional bar of *Rooker–Feldman* by merely refashioning [his] attack on the state court judgment[] as a § 1983 claim." *Jordahl*, 122 F.3d at 202.

This Court further agrees with the PF&R that it is proper to abstain from exercising jurisdiction in this matter under the *Younger* abstention doctrine. "The doctrine of abstention articulated in *Younger* [*v. Harris*, 401 U.S. 37 (1971),] requires a federal court to abstain from interfering in state proceedings, even if jurisdiction exists, if there is[] (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the

4

plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (quoting *Moore v. City of Asheville*, 396 F.3d 385, 390 (4th Cir. 2005)). Child custody and other domestic matters "would be better handled by the state courts which have the experience to deal with this specific area of the law." *Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006). "The area of family relations is a core source of state authority and thus is an 'important' state interest." *Kawai v. UaCearnaigh*, 249 F. Supp. 3d 821, 825 (D.S.C. 2017). Further, West Virginia law appears to allow modification of the final order in a divorce proceeding with respect to both child custody and property division, meaning that the proceeding may still be considered "ongoing" and that Plaintiff may present his arguments to the state court. *See* W. Va. Code §§ 48-5-703; 48-5-706.

Accordingly, Plaintiff's objections on these points are **OVERRULED**.

B. *Plaintiff's Objections to Defendant's Immunities from Suit*

Plaintiff further argues that Defendant is not immune from suit because she violated his constitutional rights and held a bias against him. (ECF No. 7 at 2–3, 5; ECF No. 6 at 7.) This Court agrees with the PF&R that Defendant is entitled to Eleventh amendment immunity for any claims against her in her official capacity. The Eleventh Amendment to the federal Constitution bars suits in federal court against "a State, its agencies, and its officials acting in their official capacities . . . without their consent." *Allen v. Cooper*, 895 F.3d 337, 347 (4th Cir. 2018). In West Virginia, family court judges such as Defendant are state officials. *See* W. Va. Code § 51-2A-3 (establishing family court circuits and setting number of judges). To the extent Plaintiff asserts that Defendant may be sued under the *Ex parte Young* doctrine, that exception to Eleventh Amendment immunity applies only when "the plaintiff [has] identif[ied] and seek[s] prospective equitable relief from an *ongoing* violation of federal law." *Allen*, 895 F.3d at 354 (emphasis in

5

original); *see Ex parte Young*, 209 U.S. 123 (1908). The facts in Plaintiff's complaint relate only to Defendant's past conduct. (ECF No. 2.)[2] Therefore, the *Ex parte Young* doctrine does not apply, and Defendant is entitled to Eleventh Amendment immunity for any claims against her in her official capacity.

This Court further agrees with the PF&R that Defendant is entitled to absolute judicial immunity. "[J]udges are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983 . . . for acts committed within their judicial jurisdiction, even if such acts were allegedly done either maliciously or corruptly." *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992) (internal quotation marks omitted). A judge acts within her jurisdiction if "at the time [she] took the challenged action [she] had jurisdiction over the subject matter before [her]." *Id.* at 357 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). In West Virginia, "a family court has the right and authority to adjudicate actions for divorce and the power to carry its judgment and order into execution." W. Va. Code § 48-5-102(b). Defendant thus acted within her jurisdiction in presiding over Plaintiff's divorce proceeding.

Likewise, the conduct alleged in the complaint constitutes a judicial act. An act is judicial if it is "normally performed by a judge" and "the parties dealt with the judge in . . . her judicial capacity." *King*, 973 F.2d at 357. Plaintiff alleges that Defendant violated his constitutional rights by holding a hearing in his divorce proceeding without notice and by awarding his ex-wife certain property in the divorce. (ECF No. 2.) These are clearly judicial acts. Plaintiff nonetheless argues that Defendant is not immune from suit because she entered into a prior agreement with Plaintiff's ex-wife to rule in his ex-wife's favor. (ECF No. 7 at 5; ECF No. 6 at

---

[2] Plaintiff also requests injunctive relief as to the West Virginia Bureau of Child Support Enforcement. (ECF No. 2 at 4.) However, he has not named that entity as a defendant. (*Id.* at 1.) Thus, this Court cannot act with regard to that entity. *See* Fed. R. Civ. P. 65(d)(2).

7.) The authority Plaintiff cites to support this proposition is no longer good law, *see Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (overruling *Rankin v. Howard*, 633 F.2d 844 (9th Cir. 1980)), and in any event is not binding on this Court. Further, the federal statutes dealing with judicial bias to which Plaintiff refers in his complaint and objections are applicable only to federal judges and do not apply to Defendant, a state family court judge. *See* 28 U.S.C. § 144; *id.* § 455.

The facts alleged in the complaint relate entirely to Defendant's actions while presiding over Plaintiff's divorce proceeding, and he attributes his damages to her "erroneous decision." (ECF No. 2 at 4.) Defendant is entitled to absolute judicial immunity as to Plaintiff's claims against her.

Accordingly, Plaintiff's objections are **OVERRULED**.

### IV. CONCLUSION

For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections, (ECF Nos. 6, 7), and **ADOPTS** the PF&R, (ECF No. 5). Plaintiff's complaint, (ECF No. 2), is **DISMISSED**. His application to proceed without prepayment of fees and costs, (ECF No. 1), is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 27, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE